7373. SAMPLES *v.* THE STATE.

BROYLES, J. 1. The instruction to the jury, that "in this case circumstantial evidence is offered as proof of facts as would tend by their consistency to show the guilt of the accused," while somewhat confused, does not contain an expression or intimation of opinion by the court as to what was proved, or as to the guilt of the accused, and, when taken in connection with its context, could not have been so understood by the jury.

2. The evidence relied on to convict the defendant of simple larceny was largely circumstantial. The cow which he was charged with stealing was found tied on or near his premises, and near other cows belonging to him. In his statement at the trial he claimed that he found this cow among his cows, and that she was "rearing around and cutting up," and that he tied her apart from his cows with a piece of line, to keep her from hurting one of his cows that was heavy with calf, and also to prevent her from getting into his oats. Under this contention of the defendant it was error for the court to refuse to give a timely written request to charge section 2001 of the Civil Code of 1910, which is as follows: "Any person may, upon his own freehold or the highway thereto, or being in charge of one, and not elsewhere, take up all estrays of animals of a domestic or useful nature either for labor or flesh."                    *Judgment reversed.*

DECIDED JUNE 26, 1916.

Indictment for larceny of cow; from Bibb superior court—Judge Mathews.  February 19, 1916.

*W. A. McClellan,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.